CLD-147                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1195
_____

BEN GROSS,
                            Appellant

v.

DAVID E. MAITLIN

_____

On Appeal from the United States District Court
for the  District of New Jersey
(D. N.J. No. 2-11-cv-04998)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2013
Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

    Ben Gross appeals from an order of the United States District Court for the

District of New Jersey, which dismissed his complaint for failure to state a claim upon

which relief may be granted.  We will dismiss the appeal pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i).

Gross filed a very spare complaint, alleging that defendant David Maitlin had been "retained as legal counsel" in connection with litigation in state court and that Maitlin had threatened Gross with jail. He alleged that Maitlin's action constituted harassment or abuse in violation of 15 U.S.C. § 1692d (part of the Fair Debt Collection Practices Act ("FDCPA")). The District Court dismissed the complaint without prejudice, as it could not "ascertain the legal basis of Plaintiff's claims." Dkt. #8, at 2. Gross filed a document construed as an amended complaint, in which he clarified that Maitlin was the attorney for his opponents in the state court action, and to which he appended a "Notice of Motion for an Order Enforcing Litigants' Rights" that had been filed by Maitlin in the state court litigation. The notice contends that Gross had failed to comply with an information subpoena compelling him to provide tax returns, and stated that Maitlin would apply to the state court for an order that would direct, inter alia, that if Gross failed to appear in court on the return date, he would "be arrested by the Sheriff and confined in the county jail" until he complied with the information subpoena. Dkt. 13, attachment.

The District Court granted Maitlin's motion to dismiss the complaint, and denied Gross's motion to amend his complaint to add allegations of due process, fraud, and/or ethical violations. Gross filed a motion for reconsideration, which the District Court also denied. Gross timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and our review of an order granting a motion to dismiss is plenary. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d

2

Cir. 2008).[1]  A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a "debt."  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987).  Maitlin's attempt to have Gross comply with an information subpoena[2] is not an attempt to collect a "debt."  The obligation to produce tax returns is not a "debt," but even if we look at the broader purpose of Maitlin's state-court "Notice of Motion," the FDCPA applies only to debts arising out of a "transaction," which encompasses "consensual or contractual arrangements, not damage obligations." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir. 1998).  As we have previously noted, "nothing in the statute or the legislative history leads us to believe that Congress intended to equate asserted tort liability with asserted consumer debt." Zimmerman, 834 F.2d at 1168.

Further, even if the FDCPA applied, Maitlin's court-authorized attempt to collect a judgment does not constitute harassment or abuse in violation of § 1692d.  To be sure, the FDCPA also prohibits the "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person . . . unless such action is lawful and the . . . creditor intends to take such action."  § 1692e(4).  But here, Maitlin's action

---

[1] We have jurisdiction to review both the order granting Maitlin's motion to dismiss and the motion denying reconsideration.  Fed. R. App. P. 4(a)(4)(A).

[2] When a judgment-debtor fails to obey an information subpoena, New Jersey court rules provide that proceedings to seek relief "shall be commenced by notice of motion," and that such motion "shall state that the relief sought will include an order . . . directing that if the judgment-debtor fails to appear in court on the return date or to furnish the required

was lawful, and he was directed by state court rule to indicate that arrest or imprisonment might result from failing to comply with the subpoena.

We also agree with the District Court's decision to deny Gross's motion to further amend his complaint and his motion for reconsideration. Gross sought to amend his complaint to add allegations of "violations of *due process*, and *obstruction of justice*, clauses of Constitutional Rights, <u>Amendments 5 and 14</u>, And Attorney ethic rules <u>R.P.C. 3.4</u> Rules of Professional Conduct <u>DR 7-105</u> <u>And FRAUD</u>.[3]" Motion to Amend Complaint, dkt. #43 at 3 (emphases in original). As Maitlin does not appear to be a state actor, we discern no basis for federal court jurisdiction, absent the claims under the FDCPA that were properly dismissed. Thus, amendment would have been futile.

For the foregoing reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

answers, he or she shall be arrested and confined to the county jail until he or she has complied with the . . . information subpoena." New Jersey Rules of Court 6:7-2(e).
[3] Elsewhere, Gross states that his allegations of fraud are brought pursuant to "28 USC FRAUD." Dkt. 43 at 3; Dkt. 56 at 7. We are not aware of any such provision in Title 28.